**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30241 |
| Plaintiff - Appellee, | D.C. No. 1:06-CR-00058-RFC-1 |
| v. | |
| DAVID ALLEN WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted June 29, 2010 [**]

David Williams appeals from the 240-month sentence for receipt and

distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and

2252A(a)(5)(B), imposed upon remand for resentencing. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Williams contends that the district court failed to consider and to properly weigh certain factors under 18 U.S.C. § 3553(a) , including his poor health, advanced age, and low statistical probability of recidivism, resulting in a sentence that was both procedurally and substantively unreasonable.

"[T]he abuse of discretion standard of review applies to appellate review of all sentencing decisions – whether inside or outside the Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Although we do not apply a presumption of reasonableness, "when the judge's discretionary decision accords with the [Sentencing] Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338 (2007)).

Here, the district court imposed a sentence within the advisory Guidelines range. The court considered that the defendant's statistical probability of recidivism because of his advanced age was offset by his commission of the offense at an advanced age, as well as the psychosexual evaluation which noted that the defendant posed a danger to the public. The record reflects that the district court properly acknowledged and considered the arguments of the parties, discussed the

application of § 3553(a) factors, and imposed a sentence "sufficient, but not greater than necessary" to achieve the aims of 18 U.S.C. § 3553(a).

**AFFIRMED.**